| STATE OF INDIANA | ) | IN THE LAKE COUNTY |
| --- | --- | --- |
| | ) SS: | CIRCUIT/SUPERIOR COURTS |
| COUNTY OF LAKE | ) | SITTING AT _____, IN |

CAUSE NO. 45D04- 1705 -CT- 0099

GABRIELA ERICA VASQUEZ, as )
Guardian of THERESA PARAMO, an )
Incapacitated Adult. )
)
        Plaintiff, )
)
vs. )
)
THE CITY OF EAST CHICAGO, )
THE CITY OF HAMMOND, CITY OF EAST )
CHICAGO POLICE OFFICER ERIC GODOY, )
in His Official Capacity, CITY OF EAST )
CHICAGO POLICE OFFICER JAMES SOLORIO,)
In His Official Capacity, CITY OF HAMMOND )
POLICE OFFICER JOSEPH MUNOZ, in His )
Official Capacity, CITY OF HAMMOND )
POLICE OFFICER JAMES ONOHAN, in his )
Official Capacity, and CITY OF HAMMOND )
POLICE OFFICER MICHAEL SCHMIDT in His )
Official Capacity, )
)
        Defendants. )

## COMPLAINT AT FOR DAMAGES AND JURY DEMAND

NOW COMES the Plaintiff, GABRIELA ERICA VASQUEZ, Guardian of the Person and Estate of Theresa Paramo, by and through her attorney, Thomas A. Clements, and complaining of the Defendants, THE CITY OF EAST CHICAGO, THE CITY OF HAMMOND, ERIC GODOY, JAMES SOLORIO, MICHAEL L. SCHMIDT, JOSEPH MUNOZ, and JAMES ONOHAN, alleges as follows:

[1358133/1]                               1

1. This action arises under the laws of the State of Indiana and under the provisions of the United States Civil Rights Act, Title 42 United States Code, S. 1983 (42 U.S.C.A. S. 1983).

2. This Court has jurisdiction over all causes of action pled herein.

3. Plaintiff, GABRIELA ERICA VASQUEZ, is a resident of Whiting, County of Lake, State of Indiana, and brings this action in her capacity as Guardian of the Person and Estate of Theresa Paramo.

4. That at all relevant times pertaining to this cause of action, Eric Godoy (hereinafter "GODOY"), and James Solorio (hereinafter "SOLORIO") were acting within the course and scope of their employment as law enforcement officers employed by the City of East Chicago, Indiana and at all times relevant to this action were acting under color of state law.

5. That at all relevant times pertaining to this cause of action, Joseph Munoz (hereinafter "MUNOZ") James Onohan (hereinafter "ONOHAN") and Michael Schmidt (hereinafter "SCHMIDT") were acting within the course and scope of their employment as law enforcement officers employed by the City of Hammond Police Department and at all times relevant to this action were acting under color of state law.

## FACTS COMMON TO ALL CLAIMS

6. On Wednesday, February 15, 2017, at approximately 4:40 P.M., Defendants SOLORIO and GODOY responded to a dispatch regarding an incident of shoplifting at the Strack and Van Til Supermarket at 4725 Indianapolis Boulevard, East Chicago, Indiana. Prior to their arrival at the scene, the officers were informed a female, Jessica Pichon, had been observed in the Strack and Van Til Supermarket with a case of beer in her shopping cart and intended to leave the

store without paying for it. The officers were informed that the store manager intended to allow the female to leave the store unimpeded and that the officers to were stop her from leaving with the unpaid for beer as she exited the premises. The officers observed Jessica Pichon walk out of the supermarket, and get into the passenger seat of a Dodge Durango utility vehicle, driven by Donnell Howard, that was parked in the parking lot near the store entrance. Defendants SOLORIO AND GODOY made the decision to initiate a chase of the Howard vehicle as it exited the parking lot.

7. Defendants SOLORIO AND GODOY made the decision to chase Howard and Pichon at a high speed from East Chicago into Hammond, where Defendants SOLORIO AND GODOY continued the high-speed pursuit. Once the chase crossed into Hammond, Hammond Officers, the Defendants SCHMIDT, MUNOZ and ONOHAN made the decision to initiate and continue the high-speed pursuit of Howard and Pichon.

8. Defendants initiated and continued this high speed chase through residential and retail business areas within the city limits of Hammond during time periods when there were high volumes of vehicular traffic throughout the chase route. Defendants and each of them were at all times fully aware that initiating and continuing a high-speed chase in the aforesaid areas at approximately 4:40 P.M. on a weekday exposed innocent and unknowing drivers in these areas to an unreasonable risk of harm.

9. That at approximately 4:40 P.M. on February 15, 2017, Theresa Paramo picked up her daughter, Julianna Alexis Chambers, from an orthodontist appointment in Munster, Indiana and began her drive home, through Hammond, to Whiting, on northbound Columbia Avenue. Theresa Paramo had absolutely no warning or notice that Defendants were conducting a high-speed chase of Donnell Howard and Jessica Pichon in the same area at the same time nor did Defendants attempt to provide warning or notice of same.

10. Defendants initiated and continued their pursuit of Howard and Pichon at a high rate of speed and in close proximity to Howard and Pichon as they pursued them eastbound on Gostlin Street in the direction of Columbia Avenue, in Hammond.

11. At approximately 4:50 P.M., Defendants continued their high-speed pursuit of Donnell Howard and Jessica Pichon as their vehicle drove eastbound through a red light at the intersection of Gostlin Street and Columbia Avenue in Hammond, Indiana.

12. The vehicle driven by Donnell Howard and occupied by Jessica Pichon drove through the aforesaid red light at a high rate of speed just as Theresa Paramo entered the intersection on a green light on northbound Columbia Avenue and violently crashed into the left side of Theresa Paramo's vehicle.

13. Thirteen-year-old Julianna Alexis Chambers was killed in the resulting crash.

14. Theresa Paramo was critically injured in the crash, suffering severe injuries to her arms, hips, chest and brain.

## COMPLAINT FOR DAMAGES – CHILD WRONGFUL DEATH ACT

15. Plaintiff, GABRIELA E. VASQUEZ, Guardian of THERESA PARAMO, mother of JULIANNA ALEXIS CHAMBERS, deceased, brings this action for the purpose of collecting damages for the wrongful death of JULIANNA ALEXIS CHAMBERS who died on February 15, 2017 in Lake County, Indiana pursuant to the Indiana Child Wrongful Death Act.

16. Plaintiff hereby incorporates by reference paragraphs (1) through (14) of this complaint as if fully set forth herein as paragraphs 17-28.

29. In accordance with Indiana statute, the Defendants, City of East Chicago and the City of Hammond, were properly served with a Notice of Tort Claim on February 23, 2017.

[1358133/1] 4

30. The Defendants have failed to respond to the Notice of Tort Claim timely served upon them.

31. At all times relevant to this action, Defendants, City of East Chicago and the City of Hammond, by and through Defendants, GODOY, SOLORIO, SCHMIDT, MUNOZ AND ONOHAN, had a duty to exercise reasonable care in their initiation and continuation of their high-speed pursuit so as not to cause injury to the public which they serve, specifically the Plaintiff's decedent, JULIANNA ALEXIS CHAMBERS.

32. That Defendants negligently and recklessly breached their duty as aforesaid and are therefore liable for damages to Plaintiff for all negligent and reckless acts committed by its employees, GODOY, SOLORIO, SCHMIDT, MUNOZ AND ONOHAN, acting in the course and scope of their employment.

33. That the Defendants' negligent and reckless conduct was the proximate cause of the crash involving the vehicle driven by Donnell Howard and the vehicle in which JULIANNA ALEXIS CHAMBERS was riding as a passenger, which crash was the direct and proximate cause of the injuries sustained by JULIANNA ALEXIS CHAMBERS, and her resulting death on February 15, 2017.

34. As a direct and proximate result of Defendants' negligent and reckless conduct, the Plaintiff has incurred damages which include the loss of services of her daughter, and has incurred medical, funeral and burial expenses for the decedent

35. That at the time of her death, JULIANNA ALEXIS CHAMBERS left surviving her mother, THERESA PARAMO, who has been deprived of the support, love and affection of her minor daughter.

36. That this action has been brought for the wrongful death of JULIANNA ALEXIS CHAMBERS, deceased, pursuant to Indiana Statute s. 34-23-2-1.

WHEREFORE Plaintiff, GABRIELA E. VASQUEZ, as Guardian of THERESA PARAMO, prays for judgment against Defendants CITY OF EAST CHICAGO, CITY OF HAMMOND, ERIC GODOY, JAMES SOLORIO, MICHAEL L. SCHMIDT, JOSEPH MUNOZ and JAMES ONOHAN and requests the following relief:

1. For an award of reasonable compensatory damages,
2. For the costs of this action,
3. For an award of attorney fees,
4. For all other proper relief.

## COMPLAINT FOR DAMAGES – THERESA PARAMO, AN INCAPACITATED ADULT

37. Plaintiff, GABRIELA E. VASQUEZ, Guardian of THERESA PARAMO, brings this action for the purpose of collecting damages for the personal injuries sustained by THERESA PARAMO, her ward, on February 15, 2017 in Lake County, Indiana.

38. Plaintiff hereby incorporates by reference paragraphs (1) through (14) of this complaint as if fully set forth herein as paragraphs 39 through 50.

51. In accordance with Indiana statute, the Defendants, City of East Chicago and the City of Hammond, were properly served with a Notice of Tort Claim on February 23, 2017.

52. The Defendants have failed to respond to the Notice of Tort Claim timely served upon them.

53.     At all times relevant to this action, Defendants, City of East Chicago and the City of Hammond, by and through Defendants, GODOY, SOLORIO, SCHMIDT, MUNOZ AND ONOHAN, had a duty to exercise reasonable care in their initiation and continuation of their high-speed pursuit so as not to cause injury to the public which they serve, specifically the Plaintiff's ward, THERESA PARAMO.

54.     That Defendants breached their duty as aforesaid and are therefore liable for damages to Plaintiff for all negligent and reckless acts committed by its employees, GODOY, SCHMIDT, MUNOZ AND ONOHAN, in the course and scope of their employment.

55.     That the Defendants' negligent and reckless conduct was the proximate cause of the crash involving the vehicle driven by Donnell Howard and the vehicle operated by Plaintiff's ward, THERESA PARAMO, which crash was the direct and proximate cause of the injuries sustained by THERESA PARAMO on February 15, 2017.

56.     As a direct and proximate result of Defendants' tortious acts and failures to act as aforesaid, Plaintiff's ward, THERESA PARAMO, has sustained severe and permanent personal injuries, has incurred and will continue to incur in the future significant medical expense, is bed-ridden and disabled, has experienced severe pain and suffering and will experience pain and suffering in the future, has suffered a loss of enjoyment of daily living, and has suffered permanent impairment as a result of her injuries.

57.     Defendants are derivatively liable for the negligent and reckless conduct of their law enforcement officers at the aforesaid time and place and are liable for all damages proximately caused by the conduct of these officers.

WHEREFORE, Plaintiff, THERESA PARAMO, prays for judgment against Defendants, CITY OF EAST CHICAGO, CITY OF HAMMOND AND OFFICERS GODOY, SOLORIO, SCHMIDT, MUNOZ AND ONOHAN and request the following relief:

1. For an award of reasonable compensatory damages,
2. For the costs of this action,
3. For all other proper relief.

## CLAIMS FOR DAMAGES UNDER 42 U.S.C. SECTION 1983-THERESA PARAMO & THE ESTATE OF JULIANNA CHAMBERS

Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

58. That the manner in which Defendants initiated and continued their high-speed pursuit of Donnell Howard and Jessica Pichon, solely incidental to Pichon's alleged shoplifting a case of beer, through crowded city streets in both residential and commercial areas of Hammond and East Chicago at 4:30 P.M. on a weekday shocks the conscience, is evidence of an utter disregard for public safety and demonstrates there was a purposeful effort by Defendants to cause harm to Donnell Howard and/or Jessica Pichon.

59. That the manner in which Defendants made the decision to initiate their high-speed pursuit of an alleged shoplifter of a case of beer, and the manner in which they made the decision to continue the high-speed pursuit through crowded city streets in residential and commercial areas of Hammond and East Chicago, demonstrates an express policy or widespread practice of Defendants to initiate and/or continue high-speed pursuits in non-emergency situations and shows bad faith and an intent to harm the public in general and specifically the Plaintiffs herein.

60. THERESA PARAMO was severely injured and JULIANNA ALEXIS CHAMBERS was killed as a direct and proximate result of Defendants' egregious conduct in conducting the high-speed pursuit of Donnell Howard and Jessica Pichon as aforesaid and, as a result, both were deprived of their rights, privileges and immunities secured to them under the Fourteenth Amendment to the Constitution of the United States of America as well as applicable federal law.

61. That Defendants had a duty and obligation to both initiate and continue their high-speed pursuit of Donnell Howard and Jessica Pichon, as aforesaid, so as not to deprive the public generally and specifically THERESA PARAMO and JULIANNA ALEXIS CHAMBERS of the rights, privileges and immunities secured to them under the Constitution of the United States of America and pursuant to Federal law.

62. That Defendants breached their duty as aforesaid and are therefore liable for the damages suffered by THERESA PARAMO and the death of JULIANNA ALEXIS CHAMBERS.

63. That as a direct and proximate cause of Defendants' unconstitutional acts and unlawful conduct as aforesaid, THERESA PARAMO sustained great losses in the form of medical expenses, severe and permanent injuries, nursing home expenses as well as reasonable attorney fees and costs in the bringing of this action against Defendants.

64. That as a direct and proximate result of the unconstitutional acts and unlawful conduct as aforesaid, the Estate of JULIANNA ALEXIS CHAMBERS, sustained great pecuniary loss in the form of burial expense, funeral expense, lost society and other damages.

WHEREFORE, Plaintiff, GABRIELA ERICA VASQUEZ, pursuant to 42 U.S.C. s. 1983 and applicable state law prays for judgment against the Defendants as follows: (a) compensatory

[1358133/1]

and punitive damages in an amount commensurate with the injuries suffered by THERESA PARAMO and the ESTATE OF JULIANNA ALEXIS CHAMBERS; (b) compensatory and punitive damages for the injury to the lives, liberties and property of THERESA PARAMO and ESTATE OF JULIANNA ALEXIS CHAMBERS; (c) compensatory damages for the personal injuries, permanent impairment, pain, suffering and loss of enjoyment of life of THERESA PARAMO and all other damages allowed; (d) compensatory damages for the death of JULIANNA ALEXIS CHAMBERS and all other damages allowed; (e) an award of attorneys fees and costs pursuant to 42 U.S.C. sec. 1988; and, (f) any other just and proper relief in the premises.

GABRIELA ERICA VASQUEZ, Guardian

By _____
Thomas A. Clements #3262-45

THOMAS A. CLEMENTS
Attorney at Law
500 East 86th Avenue
Merrillville, Indiana 46410
219-736-0600 office
219-769-1302 fax

[1358133/1]                               10

## JURY DEMAND

Plaintiff, by counsel, demands trial by jury.

By _____
Thomas A. Clements  #3262-45

THOMAS A. CLEMENTS
Attorney at Law
500 East 86th Avenue
Merrillville, Indiana 46410
219-736-0600 office
219-769-1302 fax

[1358133/1]                                11