UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GABRIELA ERICA VASQUEZ, as guardian of THERESA PARAMO, an incapacitated adult,<br>        Plaintiff,<br><br>    v.<br><br>CITY OF EAST CHICAGO, *et al.*,<br>        Defendants. | CAUSE NO.: 2:17-CV-229-JVB-JEM |

## OPINION AND ORDER

This matter is before the Court on Hammond Defendants'[1] Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 43], filed on March 5, 2019; Defendants', City of East Chicago, Officer Eric Godoy and Officer James Solorio, Motion to Join Hammond Defendants' Motion to Dismiss and Stay Discovery [DE 48], filed on March 15, 2019; and Plaintiff's Motion for Leave to File Limited Sur-Reply [DE 54], filed on March 30, 2019. The East Chicago Defendants'[2] request to join the Hammond Defendants' motion is granted, but for the reasons provided below, the motion to dismiss is denied. Because the motion to dismiss is resolved in Plaintiff's favor without the benefit of her sur-reply, her motion for leave to file a sur-reply is denied as moot.

## PROCEDURAL HISTORY

Plaintiff Gabriela Erica Vasquez, as guardian of Theresa Paramo, an incapacitated adult, filed this suit in Lake County, Indiana, Superior Court on May 3, 2017. On May 24, 2017, the Hammond Defendants filed a Notice of Removal to this Court, noting that, in addition to state law

---

[1] The "Hammond Defendants" are the City of Hammond, Officer Joseph Munoz, Officer James Onohan, and Officer Michael Schmidt.

[2] The "East Chicago Defendants" are the City of East Chicago, Officer Eric Godoy, and Officer James Solorio.

claims, Plaintiff alleges violations of the United States Constitution made enforceable through 42 U.S.C. § 1983.

Discovery commenced and, on March 5, 2019, the Hammond Defendants filed their motion to dismiss and supporting brief. The East Chicago Defendants filed their motion on March 15, 2019. Plaintiff filed a response on March 19, 2019, and the Hammond Defendants and East Chicago Defendants filed replies on March 26, 2019. Plaintiff filed her motion on March 30, 2019, to which the Hammond Defendants responded on April 2, 2019. No other briefs were filed.

## ANALYSIS

A motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). The Hammond Defendants assert that this Court lacks subject matter jurisdiction because "discovery reveals that there is no violation of 42 U.S.C. § 1983." (Br. 1, ECF No. 44). In their motion, Defendants at times appear to be relying on something akin to a Rule 12(b)(6) standard, albeit one that permits the filing of evidence in support. *See* (Mot. ¶ 4, ECF No. 43 ("Having conducted a substantial amount of discovery, . . . it is clear that there are no set of facts from which plaintiff may plausibly assert a cognizable civil rights deprivation on the part of defendants; and, therefore, this Court is without subject-matter jurisdiction of plaintiff's claims.")).

However, nearly seventy-five years ago, the Supreme Court rejected the argument that the existence of federal question jurisdiction depends on the ability to state a claim upon which relief can be granted. In *Bell v. Hood*, 327 U.S. 678 (1946), the Court held:

> Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the

> complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

*Id.* at 682.

Instead, "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Citadel Secs., LLC v. Chi. Bd. Options Exch., Inc.*, 808 F.3d 694, 701 (7th Cir. 2015) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998)). Failure to plead an element of a federal claim does not prevent a plaintiff from stating the "colorable claim arising under a law of the United States" that is required for federal question jurisdiction. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7¸* 570 F.3d 811, 820-21 (7th Cir. 2009).

In *Brown v. City of Chicago*, the Seventh Circuit Court of Appeals held that the following language was sufficient to invoke federal question jurisdiction: "The proceedings before the Police Board were fundamentally unfair and violated Plaintiff's due process rights because of [Brown's supervisor's] illegitimate and retaliatory motive in bringing charges . . . against Plaintiff." 771 F.3d 413, 416 (7th Cir. 2014) (alterations in original).

Here, Plaintiff alleges a violation of the Fourteenth Amendment to the United States Constitution as enforceable through 42 U.S.C. § 1983. She alleges that the defendant officers, acting under color of state law and employed by the defendant municipalities, initiated and continued a high speed chase through city limits of Hammond during a time of high traffic with no warning to those in the area and which resulted in the vehicular collision that critically injured Paramo and killed Paramo's daughter. Plaintiff further alleges that Defendants' actions, including the circumstances of the chase outlined above, shock the conscience and demonstrate an intent to harm the occupants of the chased vehicle, the general public, and Paramo.

The Court finds that Plaintiff's allegations are more robust than those deemed sufficient in *Brown*. Therefore, Plaintiff has successfully invoked federal jurisdiction through the federal question of whether Defendants committed violations of the Fourteenth Amendment. The evidence submitted by Defendants (in the form of deposition testimony and exhibits addressing the merits of Plaintiff's federal claim) does not alter the sufficiency of Plaintiff's allegations to state a colorable claim.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Hammond Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 43], **DENIES in part** and **GRANTS in part** Defendants', City of East Chicago, Officer Eric Godoy and Officer James Solorio, Motion to Join Hammond Defendants' Motion to Dismiss and Stay Discovery [DE 48], and **DENIES as moot** Plaintiff's Motion for Leave to File Sur-Reply. The East Chicago Defendants' motion is granted only as to the request to join the Hammond Defendants' motion.

SO ORDERED on March 4, 2020.

                                                    s/ Joseph S. Van Bokkelen
                                                  JOSEPH S. VAN BOKKELEN, JUDGE
                                                  UNITED STATES DISTRICT COURT